# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DERWIN WRIGHT, B63112, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 15 C 4993 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| TARRY WILLIAMS[1], Warden, ) | |
| Stateville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Derwin Wright is incarcerated at Stateville Correctional Center, where he is in the custody of respondent Warden Randy Pfister. Petitioner filed a petition for writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 on June 8, 2015. The case is before the Court on respondent's motion to dismiss the habeas petition as time-barred [17]. For the foregoing reasons, respondent's motion to dismiss is granted.

## BACKGROUND

At a bench trial in November 1999, petitioner was convicted of two counts of first-degree murder, two counts of home invasion, and one count of attempted murder. (Resp.'s Mot. to Dismiss, Ex. A ¶¶ 2, 5; Ex. B.) In January 2000, the court sentenced petitioner to two concurrent life terms for the murders and three concurrent 30-year terms for the attempted murder and home invasion. (*Id.* ¶ 12; Ex. B.) Petitioner appealed, and the state appellate court affirmed his convictions. (Habeas Pet. at 2.) Petitioner then filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on October 3, 2001. (Resp.'s Mot. to Dismiss, Ex. D). In December 2002, petitioner filed a *pro se* postconviction petition in the Circuit Court of Cook

---

[1] Randy Pfister was appointed Warden of Stateville Correctional Center on November 12, 2015. Accordingly, he shall be substituted for Tarry Williams as the respondent in this case. Fed. R. Civ. P. 25(d).

County. (*Id*. Ex. E.)² The circuit court dismissed petitioner's first postconviction petition as untimely in May 2003. (*Id.* Ex. A ¶ 14.) Petitioner did not appeal. (Habeas Pet. at 3.)

On February 13, 2007, petitioner filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401. (Resp.'s Mot. to Dismiss, Ex. F at 71-81.) Therein, petitioner asserted a *Brady* claim, alleging the State withheld evidence that State witness Doris McCarty received benefits from the State in exchange for her testimony against petitioner. (*Id.* at 75-77.)³ Specifically, petitioner argued that McCarty's resentencing transcript would have revealed a secret deal with prosecutors to reduce her sentence on a probation violation in exchange for her testimony against petitioner at his November 1999 trial. (*Id*.) Petitioner argues that he was denied this evidence and would have used it for impeachment purposes at trial. (*Id*.) At a hearing on June 17, 2008, the circuit court dismissed petitioner's § 2-1401 petition, holding that § 2-1401 was not the proper procedural vehicle for petitioner's constitutional claims and that the petition was untimely. (*Id.* Ex. G at 6, 8.) Petitioner did not appeal that dismissal.

Petitioner filed a second postconviction petition in June 2008, again arguing that the State withheld the McCarty resentencing transcript. (*Id.* Ex. F at 18-32.)⁴ Petitioner alleged that the State violated *Brady* and *Naupe* because it allowed McCarty to falsely testify that she did not have a deal with prosecutors with respect to her resentencing. (*Id*.)⁵ On July 28, 2011, the circuit court dismissed the petition, holding that petitioner did not seek leave to file the successive postconviction petition. (*Id. Ex*. H at 147.) Petitioner appealed and the Illinois

---

² The circuit court stamped the document as filed on March 24, 2003. (Resp.'s Mot. to Dismiss, Ex. E.) Because the filing date is not dispositive, respondent has given the petitioner the benefit of the earlier date and assumes the petition was filed in December 2002.
³ *Brady v. Maryland,* 373 U.S. 83 (1963) requires the prosecution to disclose material exculpatory and impeachment evidence to the defense.
⁴ The circuit court file stamped the second postconviction petition July 2, 2008. (Resp.'s Mot. to Dismiss, Ex. F at 18.) Because the difference between the dates is not dispositive, respondent has given the petitioner the benefit of the earlier date and assumes the petition was filed in June 2008.
⁵ *Naupe v. Illinois,* 360 U.S. 264 (1959) held that the Fourteenth Amendment bars prosecutors from knowingly presenting false testimony.

Appellate Court affirmed the dismissal on February 25, 2015. (*Id.* Ex. A.) The appellate court denied the petition for rehearing (*id.* Ex. I), and the Illinois Supreme Court denied petitioner's PLA on September 30, 2015. (*Id.* Ex. J.)

In June 2015, while petitioner's second postconviction PLA was pending, petitioner filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Therein, petitioner argues (1) the State violated *Brady* and *Naupe* by withholding evidence and permitting McCarty to testify that she did not receive a reduced sentence as a result of a deal with the State; and (2) the Illinois Appellate Court's order denying postconviction relief resulted in a due process violation. (Habeas Pet. at 21-55.) This Court stayed Petitioner's habeas petition [9] while he exhausted his state court remedies. On October 5, 2015, the Court lifted the stay and ordered respondent to file a response [12]. Respondent's motion to dismiss followed.

## STANDARD

Under 28 U.S.C. § 2244(d), the statute of limitations for filing a writ of habeas corpus is one year. Specifically, under § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

The one-year clock stops ticking "when a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Untimeliness may also be cured by the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

## DISCUSSION

**Motion to Dismiss Petitioner's § 2254 Petition as Time-Barred Under § 2244(d)**

Petitioner does not claim that subsections (d)(1)(B) and (d)(1)(C) of § 2244 are applicable. Respondent argues petitioner's petition is untimely under (d)(1)(A) because judgment was final on January 2, 2002 and the statute of limitations on his federal habeas petition expired on January 2, 2003. Respondent further argues petitioner's first postconviction petition did not have a tolling effect because it was dismissed as untimely and therefore not properly filed. Respondent argues that petitioner's discovery of the McCarty resentencing transcript in July 2006 does not entitle petitioner to a later start date pursuant to § 2244(d)(1)(D) because (1) he was aware of the resentencing at trial; and (2) if petitioner had acted diligently, he could have discovered the transcript at the time of trial. Respondent adds that even if the limitations period began to run in July 2006, the petition is still untimely because petitioner filed his habeas petition almost eight years after the statute of limitations had run. Finally, respondent asserts that petitioner is not entitled to equitable tolling and that petitioner's due process claim is not cognizable and not timely.

Petitioner argues that respondent's motion to dismiss should be denied because the State has failed to show the habeas petition is untimely. Even if it is untimely, petitioner argues he is entitled to equitable tolling because he was misled by the state prosecutor and the state circuit court and has been diligently pursuing his rights. Finally, petitioner asserts that the state

4

appellate court's February 2015 decision made him aware of new factual predicate for a due process claim and therefore his June 2015 habeas petition is timely.

**Timeliness pursuant to § 2244(d)(1)(A) and (d)(2)**

Direct Appeal – 2001

The state appellate court affirmed petitioner's convictions in May 2001. On October 3, 2001, petitioner's PLA was denied. Because petitioner did not petition the Supreme Court for *certiorari*, his conviction became final on January 2, 2002.[6] Pursuant to § 2244(d)(1)(A), the statute of limitations to file a habeas petition in federal court expired a year later on January 2, 2003. No such petition was filed and therefore petitioner's current habeas petition, filed in June 2015, is not timely.

First *pro se* postconviction petition – December 2002

Petitioner's first postconviction proceeding was summarily dismissed as untimely in 2003. Pursuant to § 2244(d)(2), the one-year limitations period for filing a federal habeas petition tolls while a "properly filed" collateral attack is pending. However, petitioner's first postconviction petition does not have such a tolling effect because it was dismissed as untimely and therefore was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

**Timeliness pursuant to § 2244(d)(1)(D) and (d)(2)**

In order to deny respondent's motion to dismiss for untimeliness, the Court would have to find that (1) petitioner could have only discovered the factual predicate for his claim for the first time in July 2006; (2) the § 2-1401 petition, filed in February 2007, tolled the one-year limitation under § 2244(d)(2); and (3) the second postconviction petition, filed in June 2008,

---

[6] Petitioner had ninety days from the denial of the PLA to file a petition for *certiorari*. S. Ct. R. 13(1).

continued to toll the one-year limitation under § 2244(d)(2). The Court discusses each one in turn.

Factual Predicate

Petitioner states that the "factual predicate" for his *Brady* claim was discovered in July 2006 when his co-defendant's postconviction counsel filed a petition alleging the same *Brady* violation petitioner raises. (Habeas Pet. at 14-15.) In his motion to dismiss, respondent argues that petitioner knew about the factual predicate for his claim at the time of trial, that the transcript of McCarty's resentencing was publicly available, and that it could have been obtained prior to trial. Petitioner contends that the State did not disclose its involvement in McCarty's resentencing and affirmatively misled him and the court.

At petitioner's bench trial in November 1999, Assistant State's Attorney Alesia led the direct examination of McCarty. (Resp.'s Mot. to Dismiss Ex. K, at 38-75.) During that direct examination, Alesia asked McCarty about her resentencing in February 1999 as well as rent payments the State made on her behalf. (*Id.* at 41-42.) Petitioner's attorney then cross-examined McCarty. (*Id.* at 120-50.) During that cross-examination, petitioner's lawyer questioned McCarty about benefits she received from the State, including the costs of housing and relocation. (*Id.* at 120-23.) Counsel also asked McCarty whether she received probation or a sentencing deal in exchange for her testimony against petitioner. (*Id.* at 123-25.) Regardless of McCarty's responses, those questions reveal that petitioner's lawyer was cognizant of McCarty's resentencing and the possibility the State could have offered her a deal in exchange for her testimony. The Court agrees with respondent that had petitioner's trial counsel acted diligently and investigated the theory of a resentencing deal with the State, he could have obtained McCarty's publicly-available resentencing transcript and used it for impeachment purposes at

trial.[7] *E.g. Villanueva v. Anglin,* 719 F.3d 769, 774 (7th Cir. 2013); *Hardaway v. Harrington*, 12 C 5431, 2013 WL 6069433, at *3-4 (N.D. Ill. Nov. 18, 2013) (holding that petitioner's co-defendant could have obtained the transcript of McCarty's resentencing at trial and thus his habeas petition was not entitled to a later start date for purposes of § 2244(d)(1)(D)).

Petitioner cites *Moore v. Knight,* 368 F.3d 936, 938 (7th Cir. 2004) and argues, as did Moore, that he did not lack due diligence in discovering the factual predicate of the alleged constitutional violation. In *Moore,* the court held that the petitioner could not have discovered the factual predicate for his claim at the time of trial because it occurred *ex parte* and off the record. *Id.* at 938-39. In that case, the court reasoned that until the petitioner obtained an investigator's report detailing the *ex parte* communications, he was not aware of the factual predicate for the constitutional violation. *Id.* That is not the case here. At trial, petitioner's counsel questioned McCarty about her resentencing and the resentencing transcript was publicly available. The Seventh Circuit has held that due diligence is the equivalent of "inquiry notice," *Clark v. U.S.,* 703 F.3d 1098, 1100 (7th Cir. 2013), or "knowledge that would cause a reasonable person to investigate further." *Doe v. St. Francis School Dist.,* 694 F.3d 869, 872 (7th Cir. 2012). Based on his cross-examination, it is clear that petitioner's lawyer had knowledge of McCarty's resentencing and the potential of a deal with the State. With such knowledge, a

---

[7] While petitioner is adamant that the resentencing transcript proves the prosecution did not tender all relevant discovery materials or that McCarty did not testify truthfully at petitioner's trial, that is far from clear. The resentencing transcript demonstrates that ASA Alesia was involved with McCarty's resentencing and that petitioner's trial judge granted McCarty's motion to reconsider the sentence. (Resp.'s Motion to Dismiss, Ex. F at 93-97.) Several assumptions and inferences are required for the resentencing transcript to serve as proof of a deal between McCarty and the State, that it was material, and that its use at trial would have resulted in a different outcome. In petitioner's second co-defendant's postconviction appeal, which also raised the potential *Brady* violation revealed by the McCarty resentencing transcript, the state appellate court reasoned, "[D]efendant does not offer proof of a *Brady* violation, but at best, has presented circumstantial evidence of a possible deal between the State and McCarty that was not disclosed. Were we to assume that the State indeed failed to disclose that McCarty's sentence was reduced after an agreement with the State and that the State suborned perjury, which is a bit of a leap on this record, defendant still must show that this evidence was material in order to demonstrate that his right to due process was violated. This he cannot do." *People v. Daniels*, 2012 IL App (1st) 093581-U ¶ 33.

reasonable person would have worked to obtain the publicly-available resentencing transcript to use for impeachment at the time of trial. For those reasons, petitioner is not entitled to the later start date of July 2006 pursuant to § 2244(d)(1)(D).

Assuming, for the sake of argument, petitioner could not have learned of the factual predicate until July 2006, the Court continues its analysis.

§ 2-1401 Relief from Judgment – February 13, 2007

Respondent argues that even if petitioner could not have discovered the factual predicate for his *Brady* claim until July 2006, petitioner's federal habeas petition is still untimely under § 2244(d)(2) because his § 2-1401 petition was not properly filed and therefore ineligible for statutory tolling. Petitioner asserts that the state court's dismissal of his § 2-1401 petition was "obviously erroneous," arguing that § 2-1401 is a proper vehicle for a *Brady* claim and that § 2-1401 provides an exception to the two-year statute of limitations if the ground for relief is fraudulently concealed. Petitioner states that he alleged fraudulent concealment in his § 2-1401 petition and therefore it was properly filed and tolled the statute of limitations for his federal habeas filing.

In denying petitioner's § 2-1401 petition, the judge stated, "I am not ruling on any of the substantive issues at this time. Procedurally the issues you raised are not what is contemplated under a 1401. You are definitely past the normal time limit of 1401." (Resp.'s Mot. to Dismiss, Ex. G at 8.) "[T]he Supreme Court has held that a state court ruling that a petition for collateral review is untimely is the end of the matter for § 2244(d)(2) purposes, even if the court also addresses the merits of the claim." *Smith v. Akpore*, No. 14 C 1707, 2014 WL 4635164, at *3 (N.D. Ill. Sept. 15, 2014) (citing *Pace,* 544 U.S. at 416) (internal quotations omitted). It is clear

that the dismissal of petitioner's § 2-1401 petition was based, at least in part, on untimeliness and therefore does not entitle petitioner to statutory tolling.

Moreover, despite petitioner's argument to the contrary, case law supports the state court judge's dismissal of petitioner's § 2-1401 petition for procedural purposes. "Section 2-1401 only addresses factual issues-not legal or constitutional issues-and thus serves a different purpose than the Illinois Post-Conviction Hearing Act." *U.S. ex. rel. Giampaolo v. Anglin,* No. 07 C 2612, 2008 WL 4133383, at *1 (N.D. Ill. Aug. 20, 2008). More specifically, "[p]etitions under § 2-1401 are not appropriate vehicles for raising and exhausting federal constitutional claims[.]" *U.S. ex. rel. Nitz v. Anglin,* No. 11 C 1904, 2014 WL 831610, at *7 (N.D. Ill. Mar. 4, 2014) (citing *People v. Vincent*, 226 Ill.2d 1, 8 (2007)). Accordingly, the non-binding case law petitioner cites to persuade the Court to reject the state court's invocation of a procedural bar in dismissing his § 2-1401 petition is unavailing. Regardless, petitioner is not entitled to another opinion as to whether the state court correctly applied state law. *Freeman v. Page,* 208 F.3d 572, 575 (7th Cir. 2000).

Finally, while petitioner now claims that he was entitled to § 2-1401's fraudulent concealment exception to the two-year statute of limitations, a review of the record indicates petitioner did not raise this issue when the petition was originally filed. (Resp.'s Mot. to Dismiss, Ex. F at 98-112.) "To establish fraudulent concealment, a defendant 'must specifically allege facts demonstrating that his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief, as well as offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period.'" *Mitchell v. Enloe,* 817 F.3d 532, 540 (7th Cir. 2016) (quoting *People v. Dodds,* 2014 IL App (1st) 122268, ¶ 19). Petitioner did not do this. Rather, his § 2-1401 petition asserted,

among other things, that the State denied the existence of a deal with McCarty and that his trial counsel was ineffective for failing to discover the alleged deal. (Resp.'s Mot. to Dismiss, Ex. F at 105-06.) Even if petitioner was entitled to another opinion of whether the fraudulent concealment exception applied to his late filing, the Court could not conduct a review because petitioner made no such argument in the circuit court.

Because the § 2-1401 petition was not properly filed, it did not toll the one-year statute of limitations for purposes of the federal habeas petition. For the sake of argument, the Court will analyze the effect of petitioner's second postconviction petition assuming the § 2-1401 petition tolled the one-year statute of limitations.

Second *pro se* postconviction petition – June 18, 2008

Respondent argues that even if petitioner's § 2-1401 petition tolled the one-year habeas clock, his second postconviction petition did not because petitioner did not seek or obtain leave to file it, thereby violating state court rules. Petitioner argues that he was granted leave to file the petition because it advanced to the second stage of postconviction proceedings, he was appointed counsel, and the state was allowed to file responsive pleadings. Petitioner also argues that the state appellate court's subsequent decision that the state circuit court rightly denied him leave to file his successive postconviction petition was incorrect and has no bearing on whether the successive petition was properly filed for statutory tolling purposes. Finally, petitioner asserts that his second postconviction petition continued to toll the statute of limitations when it was filed on June 18, 2008 and that only 227 days had expired on the one-year statute of limitations when he filed his habeas petition in this Court. Respondent argues that the question of whether petitioner complied with state filing rules is one of state law that was answered conclusively and cannot be challenged here.

The state circuit court held that petitioner's successive postconviction petition was untimely, he did not seek leave to file it, and it did not satisfy the cause-and-prejudice test. The state appellate court affirmed that decision, holding "[t]he trial court rightly denied defendant leave to file his successive postconviction petition for having failed to establish . . . cause and prejudice." *People v. Wright,* 2015 IL App (1st) 112456-U ¶ 44. The appellate court further held that the trial court erred when it "docketed defendant's successive petition before first determining whether defendant had overcome the procedural hurdle of establishing cause and prejudice" and when it "permitted the State to engage by filing a motion to dismiss." *Id.* at ¶ 45. Finally, the appellate court held that petitioner "was not entitled to have his petition docketed or to the appointment of counsel." *Id.* The Court finds unavailing petitioner's argument that the state appellate court incorrectly affirmed the circuit court and that its decision has no bearing here. As discussed above, petitioner is not entitled to a second opinion on whether the state courts correctly applied state law. *Freeman,* 208 F.3d at 575. The Seventh Circuit has held that a successive "petition tolls the limitations period only if the state court grants permission to file it." *Martinez v. Jones,* 556 F.3d 637, 638-39 (7th Cir. 2009). Here, petitioner was denied leave to file his successive postconviction petition. Accordingly, the one-year statute of limitations was not tolled.

Even if petitioner's second postconviction petition was properly filed and tolled the one-year statute of limitations, it would not matter because the Court already found that petitioner's § 2-1401 petition did not toll the habeas clock. Without the tolling effect of the § 2-1401 petition, any tolling effect of the second postconviction petition is useless. By the time petitioner filed his second postconviction petition in June 2008, the one-year mark to file the federal habeas

11

petition had passed in July 2007.[8] Petitioner's habeas petition is untimely pursuant § 2244(d)(1)(D) because he could have learned of the factual predicate for his claim at the time of trial in November 1999. Even if he were entitled to a later filing date, petitioner is not entitled to tolling pursuant to § 2244(d)(2) because neither of his collateral attacks were properly filed.

**Equitable Tolling**

Respondent next argues that if the Court finds petitioner's habeas filing untimely, he is not entitled to equitable tolling because petitioner does not identify an extraordinary circumstance that prevented him from filing his federal habeas petition, nor does he show that he has been pursuing his rights diligently. Petitioner argues that he was affirmatively misled by the state prosecutor and state circuit court when they erroneously told petitioner his § 2-1401 petition was not proper and when petitioner's leave to file his successive postconviction petition was not denied. Petitioner also argues that he has diligently pursued his rights.

Equitable tolling is an exceptional remedy only available if the petitioner can show (1) "that some extraordinary circumstance stood in his way and prevented him from timely filing;" and (2) "that he has been pursuing his rights diligently." *Taylor v. Michael,* 724 F.3d 806, 810 (7th Cir. 2013). "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Even mistakes by *pro se* habeas petitioners do not provide grounds for equitable tolling. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). Further, when a petitioner has reason to doubt whether a successive postconviction petition will toll the limitations period, he can protect his rights by filing a federal habeas petition and seek a stay while he exhausts his claims in state court. *Pace,* 544 U.S. at 416.

---

[8] This assumes that petitioner could not have discovered the factual predicate to his claim until July 2006, which the Court already ruled was not the case.

The Seventh Circuit has recognized extraordinary circumstances that give rise to equitable tolling may include "abandonment by counsel," "inability to access vital papers," and "mental disability in conjunction with abandonment by counsel." *Schmid v. McCauley,* No. 14-2974, 2016 WL 3190670, at *1 (7th Cir. June 8, 2016). None of these exceptional circumstances are at issue here. Accordingly, petitioner is not entitled to equitable tolling. Because petitioner is not eligible for statutory or equitable tolling, his habeas petition is untimely and must be dismissed.

**Due Process Claim**

Petitioner alleges that the state appellate court made a factual finding that his trial judge would have known of any deal between McCarty and the State because he was the same judge who presided over McCarty's resentencing hearing. Petitioner argues that because his trial judge considered evidence not presented at trial – the alleged deal between the State and McCarty – the judge committed a due process violation. Petitioner states that the appellate court's opinion, issued in February 2015, made him aware of the factual predicate for this due process violation for the first time. Accordingly, petitioner argues that his June 2015 habeas petition is timely under § 2244(d)(1)(D). The transcript from the judge's ruling does not reveal any such due process violation. (Resp.'s Mot. to Dismiss, Ex. C.) The judge indicated that he viewed McCarty's testimony with a critical eye and found no evidence that she was lying. (*Id.* at 6.) The judge further stated that McCarty withstood vigorous cross-examination without significant impeachment. (*Id.*) Nothing indicates that the trial judge, in finding petitioner guilty, considered anything besides the evidence presented at trial. There is no evidence of a due process violation.

"Section 2254(d) focuses on the ultimate decision of the state court, not on parts of a written opinion that might in isolation appear to be misguided but that in the end are not

13

necessary to the outcome." *Rhodes v. Dittmann,* 783 F.3d 669, 675 (7th Cir. 2015). The state appellate court's inference that petitioner's trial judge would have been aware of any resentencing deal between McCarty and the State may have been misplaced, but was not a necessary factor in its ultimate decision to affirm the circuit court's decision that petitioner's successive postconviction petition was untimely, that he did not seek leave to file it, and that it did not satisfy the cause-and-prejudice test. The state appellate court's decision to affirm the circuit court would have been the same had it not referenced the trial judge's potential awareness of the alleged resentencing deal. The appellate court's ultimate decision to affirm the circuit court does not change the rationale the trial court judge gave when he found petitioner guilty, create a due process violation, or create a new factual predicate that entitles petitioner to a later start date pursuant to § 2244(d)(1)(D).

**Certificate of Appealability**

Finally, respondent argues that the Court should deny petitioner a certificate of appealability. Petitioner argues that even if the Court grants respondent's motion to dismiss, he is entitled to a certificate of appealability because jurists of reason could debate the merits of his substantive claims and whether respondent has sufficiently shown that petitioner's habeas petition was not timely filed.

In order to obtain a certificate of appealability a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court "denies a habeas petition on procedural grounds without reaching the merits of a prisoner's underlying constitutional claim," a certificate of appealability may only be issued when the "prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not debate the timeliness of petitioner's claims. One court in this district has already found that petitioner's co-defendant was not entitled to a later start date for purposes of § 2244(d)(1)(D). *Hardaway*, 2013 WL 6069433 at *3. Even if the issue of the later start date was debatable, the Court dismisses the notion that jurists of reason would debate that petitioner's § 2-1401 petition and second postconviction petition were *both* properly filed, thereby entitling petitioner to statutory tolling. Multiple courts have already held that his postconviction filings in 2007 and 2008 were not properly filed.

Further, jurists of reason would not debate the merits of petitioner's habeas petition. In petitioner's second co-defendant's postconviction appeal, the state appellate court held, and this Court agrees, that at best, petitioner has presented circumstantial evidence, not direct proof, of a possible sentence reduction deal between McCarty and the State. *People v. Daniels*, 2012 IL App (1st) 093581-U ¶ 33. Even if petitioner had McCarty's resentencing transcript in hand at the time of trial, using it to impeach McCarty would not have changed the outcome of petitioner's trial. Petitioner's attorney at trial, as well as his two co-defendants' attorneys, cross-examined McCarty about benefits she received from the State. Having her resentencing transcript, which lacked direct evidence of a deal with the State, would not have bolstered petitioner's impeachment of her. Accordingly, jurists of reason would not debate whether the outcome of petitioner's trial would have been different had such evidence been introduced. Because there is no debate about whether petitioner's federal habeas petition is timely or has merit, the Court denies petitioner a certificate of appealability.

## CONCLUSION

For the aforementioned reasons, Respondent's motion to dismiss [17] is granted. The § 2254 petition is dismissed with prejudice as time-barred and a certificate of appealability is denied. Civil case terminated.

**SO ORDERED.**               **ENTERED:   August 1, 2016**

**JORGE L. ALONSO**
**United States District Judge**